UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B-80 |
| | § | |
| JOHN JAMES RUMFIELD, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant John James Rumfield's Motion for Compassionate Release (Doc. 3443). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Rumfield pleaded guilty to possession of a controlled substance with intent to distribute and aiding and abetting, the Court sentenced him to 188 months of imprisonment and three years of supervised release. Doc. 2975, J., 1–3.

Rumfield, who is now thirty-nine years old, is serving his sentence at Yazoo City Medium Federal Correctional Institution (FCI). His scheduled release date is May 10, 2029.[1] As of December

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

-1-

2, 2020, Yazoo City Medium FCI has reported 134 active COVID-19 cases among its inmates.[2]

On November 20, 2020, Rumfield filed a motion seeking compassionate release under 18 U.S.C. § 3582. Doc. 3443, Def.'s Mot., 1.[3] The Court addresses Rumfield's motion below. Finding that Rumfield has not demonstrated proof of exhaustion as required by § 3582 or that extraordinary and compelling reasons warrant his release, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As explained below, the Court denies Rumfield's request for compassionate release because

---

[2] The Court accessed this statistic from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

[3] The Court refers to the ECF-generated pagination in citing Rumfield's motion.

Rumfield has not provided proof of exhaustion or shown extraordinary and compelling reasons for his release.

A.     *Rumfield Has Not Demonstrated Proof of Exhaustion.*

Rumfield's request for compassionate release fails because he has not proven that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[4]

In his motion, Rumfield states that he "attempted the administrative remedy process prior to the filing of" his motion, but the warden of his facility did not respond. Doc. 3443, Def.'s Mot., 13. But Rumfield does not attach any proof that he requested relief from the warden of his facility, much less that the warden actually received his request. *See generally id.* In the absence of evidence that Rumfield requested compassionate release from the warden and that thirty days have passed since the warden received such request, Rumfield has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement. *United States v. Knox*, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020) (finding exhaustion requirement not met where defendant provided copy of letter purportedly sent to warden but did not provide proof warden received letter); § 3582(c)(1)(A). Thus, Rumfield has not satisfied

---

[4] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

the exhaustion requirement.

B.    *Irrespective of Exhaustion, Rumfield Has Not Shown Extraordinary and Compelling Reasons for Release.*

Regardless of whether Rumfield exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. § 1B1.13(1)(A) & cmt. n.1.[5] In addition, the defendant must not pose a danger to the community. § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See, e.g., United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court does the same here and concludes that Rumfield has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

In support of his motion, Rumfield cites the following circumstances as supporting his release:

---

[5] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

(1) his facility is on lock down due to COVID-19, and consequently, he does not have access to the law library, type writers, or copy machines; (2) lately, there has been "[s]erious delay in outgoing and incoming mail"; (3) Yazoo City Medium FCI is "virtually unable to follow all CDC guidelines"; and (4) Yazoo City Medium FCI offers no COVID-19 testing. Doc. 3443, Def.'s Mot., 4. He also notes that the "danger of getting sick and dying" is causing him stress and anxiety. *Id.* at 13. These are not extraordinary and compelling circumstances.

As a preliminary matter, the Court recognizes the unprecedented nature of COVID-19 and the consequent outbreak of the virus at Yazoo City Medium FCI. But generalized concerns about the spread of COVID-19 at Rumfield's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Yazoo City Medium FCI. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

Rumfield cites no circumstances that uniquely affect him, let alone that rise to the level of extraordinary and compelling such that he should be released from prison. Rather, Rumfield lists inconveniences attendant to the pandemic that inmates across the country also face. Rumfield does not argue that he suffers from any medical condition that increases his risk for severe infection should he contract COVID-19. *See generally* Doc. 3443, Def.'s Mot. Nor does he suggest that he is "substantially diminish[ed in his] ability . . . to provide self-care within the environment of a correctional facility . . . ." U.S.S.G. § 1B1.13 cmt. n.1. While the Court does not discount that Rumfield is experiencing stress and anxiety induced by the COVID-19 pandemic, this does not rise to the level of extraordinary and compelling.

Lastly, the Court notes that Rumfield argues that the § 3553(a) sentencing factors support his release. Doc. 3443, Def.'s Mot., 6–10. He also states that he has participated in programing since entering prison, *id.* at 13, and attaches to his motion a review of his completed programs. *Id.* at 19–20.

Before granting compassionate release under § 3582(c)(1)(A), the Court must consider the factors of § 3553. § 3582(c)(1)(A). But due to Rumfield's failure to exhaust his administrative remedies and show extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today. In other words, even if the Court found that the § 3553 factors weighed in favor of Rumfield's release, the Court would nonetheless deny Rumfield's motion for failure to meet the exhaustion requirement and demonstrate extraordinary and compelling circumstances.

## IV.

## CONCLUSION

Rumfield's request for compassionate release under § 3582(c)(1)(A) fails because he has neither proven exhaustion of his administrative remedies nor demonstrated extraordinary and compelling reasons for compassionate release. For both of these reasons, the Court **DENIES** Rumfield's motion (Doc. 3443) **WITHOUT PREJUDICE**.

By denying Rumfield's motion without prejudice, the Court permits Rumfield to file a subsequent motion for compassionate release in the event he can both: (1) satisfy the exhaustion requirement, and (2) provide information supporting a finding of extraordinary and compelling reasons for release.

SO ORDERED.

SIGNED: December 3, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE