UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B-80 |
| | § | |
| JOHN JAMES RUMFIELD, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant John James Rumfield's Motion to Reduce Sentence (Doc. 3586). Rumfield seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Id*. For the following reasons, Rumfield's Motion is **DENIED WITHOUT PREJUDICE.**

### I.

### BACKGROUND

The Court sentenced Rumfield to 188 months of imprisonment and three years of supervised release after Rumfield pleaded guilty to possession of a controlled substance with intent to distribute. Doc. 2975, J., 1–3. Rumfield, who is now 44 years old, is serving his sentence at Forrest City Medium Federal Correctional Institution. His scheduled release date is July 17, 2029.[1]

Rumfield filed a motion seeking compassionate release under 18 U.S.C. § 3582. Doc. 3586, Mot., 1. He argues that a recent change in the law, his harsh original sentence, rehabilitation, and harsh prison conditions warrant compassionate release. *See id.* The Court considers the Motion below.

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

## II.

## LEGAL STANDARD

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States. v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

The Court denies Rumfield's motion for compassionate release because even though he exhausted his administrative remedies, he has not demonstrated extraordinary and compelling reasons for a sentence reduction.

A.   *Rumfield Exhausted His Remedies.*

A defendant can only bring a motion for compassionate release under § 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This Court has found that "submission of a request is insufficient for exhaustion." *United States v. Ware*, No. 3:15-CR-0494-B-2, 2021 WL 1662497, at *2 (N.D. Tex. Apr. 28, 2021) (Boyle, J.). Instead, exhaustion requires proof that the warden *received* the defendant's request. 18 U.S.C. § 3582(c)(1)(A); *see also, e.g., United States v. Carrera*, No. 3:14-CR-0367-B-40, 2020 WL 6545982, at *2 (N.D. Tex. Nov. 5, 2020) (Boyle, J.) (denying compassionate release where defendant "attache[d] to his motion a letter . . . in which

he purportedly ask[ed] the warden of his facility for a sentence reduction," but did not "attach any proof that the warden actually received his request").

Here, Rumfield satisfied the exhaustion requirement. In support of his Motion, Rumfield attached a letter he mailed to the warden requesting compassionate release. Doc. 3588, App'x, 6. He also attached an email from the warden's office acknowledging that the warden "received [Rumfield's] request for Compassionate Release." *Id.* at 5. Thus, Rumfield has proven that he exhausted his administrative remedies. *See Carrera*, 2020 WL 6545982, at *2.

B.     *Rumfield Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Rumfield has not shown "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that authority to the Sentencing Commission," which was directed to promulgate "general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (citations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States. v. Muniz*, 612 F. Supp. 3d 699, 700 (S.D. Tex. 2020) (citation omitted). The three circumstances are the defendant's medical condition, age, and family situation. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1.  However, § 1B1.13 only

applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392-93.

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting § 1B1.13 is "not dispositive" but "guid[ing]"). Considering Rumfield's Motion in light of § 1B1.13, the Court concludes that Rumfield has not demonstrated "extraordinary and compelling reasons" warranting compassionate release.

Rumfield presents four arguments for why he should be granted compassionate release: (1) a non-retroactive change in the law; (2) his original sentence was not supported by sufficient evidence and was unduly harsh; (3) his rehabilitation; and (4) harsh prison conditions. *See generally* Doc. 3587, Br. Mot. The Court addresses each argument in turn.

First, intervening, non-retroactive changes in the law do not warrant compassionate release. Rumfield has not identified what non-retroactive change in the law he believes constitutes an extraordinary and compelling reason for compassionate release. Doc. 3587, Br. Mot., 2. Regardless, a non-retroactive change in the law is not an extraordinary and compelling reason justifying compassionate release. *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025). "Under settled Fifth Circuit precedent, 'extraordinary' means beyond or out of the common order, remarkable, and synonymous with singular." *Id.* (quotations omitted). Thus, a non-retroactive change in the law

cannot be extraordinary because it applies equally to "every prisoner previously sentenced under that provision." *Id.* Therefore, the Court rejects Rumfield's first argument.

Second, Rumfield's challenges to the legality and length of his original sentence also do not warrant compassionate release. Rumfield argues that his sentencing range was "not supported by sufficient evidence." Doc. 3587, Br. Mot., 4. He also argues that his sentence was "unduly harsh." *Id.* at 8. However, "a prisoner cannot use [a motion for compassionate release] to challenge the legality or the duration of his sentence." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). Accordingly, the Court rejects Rumfield's arguments that the legality and length of his sentence warrant granting compassionate release.

Third, Rumfield's rehabilitation does not constitute an extraordinary and compelling reason to warrant compassionate release. Though the Court commends Rumfield's progress on rehabilitation, "a defendant's rehabilitation is not alone sufficient to justify a sentence reduction under § 3582(c)(1)(A)." *See United States v. Howard*, No. 3:15-CR-00501-N-2, 2024 WL 3404611, at *3 (N.D. Tex. July 12, 2024) (Godbey, C.J.).

Fourth, Rumfield's complaints about his prison conditions do not warrant compassionate release because they are common to every prisoner at his facility. "[T]he Court must consider every prisoner individually and should be cautious about making blanket pronouncements about . . . the propriety of incarceration for all inmates at a given facility." *Ware*, 2021 WL 1662497, at *3 (citation omitted). Here, Rumfield presented nothing about his prison's conditions that, specific to him, would warrant compassionate release. *See United States v. Garcia*, No. 3:15-CR-0194-B-1, 2021 WL 3269774, at *4 (N.D. Tex. July 30, 2021) (Boyle, J.) (explaining that mold at a defendant's

confinement facility was insufficient because "these purported conditions at [the detention facility] are not specific to [the defendant] and do not warrant her compassionate release").

In sum, Rumfield's personal circumstances do not rise to the level of extraordinary and compelling as necessary to warrant compassionate release. Given these threshold obstacles to Rumfield's Motion, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

## IV.

## CONCLUSION

Rumfield's Motion to Reduce Sentence fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Rumfield's Motion (Doc. 3586) **WITHOUT PREJUDICE.**

By denying Rumfield's Motion without prejudice, the Court permits Rumfield to file a subsequent motion seeking compassionate release in the event he demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) that he satisfied the exhaustion requirement with respect to those circumstances; and (3) that the 18 U.S.C. § 3553(a) sentencing factors support his release.

SO ORDERED.

SIGNED: August 7, 2025.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE